# CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Commonwealth of Virginia

    v.

Joshua Wayne Andrews

December 22, 2008

Case Nos. CR63746-63755, 63774-63787

BY JUDGE ROSSIE D. ALSTON, JR.

This matter came before the Court on the Defendant's Motion to Declare the Virginia Capital Murder and Death Penalty Statutes Unconstitutional and to Prohibit the Imposition of the Death Penalty on the Grounds that the Virginia Death Penalty Statutes Violate the Virginia and United States Constitutions, which was filed on November 22, 2006. The Court also considered the Brief of Petitioner, *Baze v. Rees*, No. 07-5439 (U.S. Nov. 5, 2007), which the Defendant filed on January 2, 2008, the Supplemental Brief Supporting Defendant's Motion to Declare Virginia's Application of its Death Sentence Statute Unconstitutional, which the Defendant filed on October 17, 2008, the Second Supplemental Brief Supporting Defendant's Motion to Declare Virginia's Application of its Death Sentence Statute Unconstitutional, which the Defendant filed on October 29, 2008, and the Commonwealth's Responses to Defendant's Presentence Motions, which was filed on November 19, 2008.

Defendant moves this Court to prohibit the imposition of the death penalty against him on the grounds that the death penalty statutes, specifically Virginia Code §§ 19.2-264.2 through 19.2-264.5 and 17.1-313, on their face and as applied, violate the Eighth Amendment prohibition against cruel and unusual punishment, the Sixth Amendment guarantee of a fair trial, and the Fourteenth Amendment guarantee that no person shall be deprived of life, liberty, or property without due process of law. Defendant contends that the

Commonwealth's procedure for the administration of a lethal injection poses substantial and unwarranted risks of subjecting a prisoner to extreme physical pain and suffering during the execution.

The Supreme Court recognized in the seminal case of *In re Kemmler*, 136 U.S. 436 (1890), that "the punishment of death is not cruel, within the meaning of the word as used in the Constitution. [The term "cruel" in this context] implies there something inhumane and barbarous, something more than the mere extinguishment of life." *Id.* at 447. "The cruelty against which the Constitution protects a convicted man is cruelty inherent in the method of punishment, not the necessary suffering involved in any method employed to extinguish life humanely." *Gregg v. Georgia*, 428 U.S. 153, 178 (1976) (quoting *Louisiana, ex rel. Francis v. Resweber*, 329 U.S. 459, 464 (1947)).

This year, the Supreme Court of the United States held that "[p]unishments are cruel when they involve torture or a lingering death." *Baze v. Rees*, 553 U.S. ____ (2008) (quoting *In re Kemmler*, 136 U.S. at 447 (1890)). Methods of capital punishment are also unconstitutional when these methods expose individuals to "a risk of future harm," where the risk is "sure or very likely to cause serious illness and needless suffering. . . ." *Id.* (quoting *Helling v. McKinney*, 509 U.S. 25, 33, 34-35 (1993)). This risk of future harm must be "objectively intolerable" to qualify as cruel and unusual punishment. *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 846 (1994)).

Based upon the controlling authority on this particular subject, the Court finds that the Virginia death penalty statutes are constitutional. Specifically, this Court finds that the Commonwealth's procedure for the administration of a lethal injection does not, under the applicable legal analysis, pose substantial and unwarranted risks of subjecting a prisoner to extreme physical pain and suffering during the execution. Petitioners have cited no authority for declaring the Virginia lethal injection protocol a violation of the *Baze, Gregg*, or *Kemmler* standards.